STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MAYES

Skip to Main Content
Accessibility Statement

Help
Contact Us

e-payments
Careers

Home
Courts
Decisions
Programs
News
Legal Research
Court Records
Quick Links

OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MAYES

Previous Case

Top Of Index

This Point in Index

Citationize

Next Case

Print Only

STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MAYES2020 OK 62Case Number: SCBD-6934Decided: 06/30/2020THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 62, __ P.3d __

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
BRENT EARL MAYES, Respondent.

ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS

¶1 Before this Court is (1) the affidavit of Respondent Brent Earl Mayes filed pursuant to Rule 8.1 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2011, ch. 1, app. 1-A, requesting that he be allowed to resign his membership in the Oklahoma Bar Association (OBA) and relinquish his right to practice law, and (2) the OBA's Application for Order Approving Resignation.

¶2 THE COURT FINDS AND HOLDS:

¶3 On September 22, 2015, the OBA admitted Mayes to membership. On June 16, 2020, the OBA filed with this Court Mayes's affidavit of resignation pending disciplinary proceedings. Mayes executed his affidavit on June 2, 2020, and submitted it to the OBA on June 11, 2020.

¶4 Mayes's affidavit of resignation reflects that (a) it was freely and voluntarily rendered; (b) he was not subject to coercion or duress; and (c) he was fully aware of the consequences of submitting his resignation.

¶5 Mayes's affidavit of resignation states that on March 18, 2020, the Supreme Court of Kansas issued its Order of Disbarment in the Matter of Brent E. Mayes, Bar Docket No. 27058, which resulted from Mayes's improper handling and misconduct in four personal injury cases while employed with the DeVaughn James law firm in Wichita, Kansas. The misconduct involved dishonesty, conversion, incompetency, and conflict of interest. The facts of these cases are as follows:

a. The Young and Guffey Matters involved the conversion of funds belonging to one client (Guffey) to pay off a vehicle loan balance of $2,433.05 for another client (Young). Mayes intentionally misrepresented to Guffey in her settlement statement that the funds at issue were paid to a "Medical Physician" to have Guffey approve the release of funds. The law firm repaid Guffey the funds that belonged to her, and Mayes reimbursed the law firm.

b. The Rodriguez Matter involved miscalculating the repayment of eight medical bills totaling $1,375.00 for a client after the settlement of a personal injury claim. Mayes misled the client to believe she could obtain additional money damages from the other driver's insurance policy to pay the outstanding medical bills when the driver had already executed a release and that Mayes had sent a demand letter to the driver when he had not.

c. Cumpston Matter involved misrepresenting to a client that Mayes had filed suit against an insurer for failure to pay a claim when he had not. After making these misrepresentations, Mayes conducted research and determined that such a suit was not viable under Oklahoma law.

¶6 Mayes is aware that these allegations would constitute violations of Rules 1.15, 8.4(a), 8.4(c), and 8.4(d) of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S. 2011, ch. 1, app. 3-A, and Rule 1.3 of the RGDP, as well as his oath as an attorney.

¶7 Mayes's affidavit of resignation further states:

a. He understands that the surrender of his law license in Kansas is sufficient for the OBA to initiate reciprocal discipline proceedings against him pursuant to Rule 7 of the RGDP, but he has requested to voluntarily resign his membership in Oklahoma;

b. He is aware that the OBA has the burden of proving the allegations against him, but he waives any and all rights to contest the allegations;

c. He is aware that approval of his resignation is discretionary with this Court;

d. He is familiar with and agrees to comply with Rule 9.1 of the RGDP, agrees to comply with Rule 11 of the RGDP as a prerequisite to reinstatement, and agrees to make no application for reinstatement prior to the expiration of five (5) years from the effective date of his resignation;

e. He acknowledges that the Client Security Fund may receive claims from his former clients and agrees to reimburse the Fund for the principal amounts and statutory interest for claims which it approves and pays as a prerequisite to his reinstatement to the practice of law;

f. He acknowledges and agrees to cooperate with the Office of General Counsel in the task of identifying any active client cases wherein documents and files need to be returned or forwarded to new counsel, and in any client cases where fees or refunds are owed by Mayes;

g. He acknowledges that the OBA has incurred no costs in the investigation of this matter; and,

h. He has surrendered his OBA membership card to the Office of the General Counsel.

¶8 We determine the effective date of resignation to be the date Mayes submitted his resignation to the OBA, June 11, 2020.1

¶9 This Court finds Mayes's resignation pending disciplinary proceedings is in compliance with all the requirements set forth in Rule 8.1 of the RGDP and should be accepted,

¶10 Mayes's OBA number is 32458, and his official roster address, as shown by OBA records, is Brent Earl Mayes, 918 Winding Lane, Derby, Kansas 67037.

¶11 IT IS THEREFORE ORDERED that the OBA's Application for Order Approving Resignation is approved, and Mayes's resignation is deemed effective on the date Mayes submitted his resignation to the OBA, June 11, 2020.

¶12 IT IS FURTHER ORDERED that Mayes's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the OBA prior to the expiration of five (5) years from the effective date of his resignation. See RGDP Rules 8.2 and 11.1.

¶13 IT IS FURTHER ORDERED that Mayes comply with Rule 9.1 of the RGDP and return all client files and refund unearned fees. As a condition of reinstatement, Mayes shall reimburse the Client Security Fund for any monies expended because of his malfeasance or nonfeasance. See RGDP Rule 11.1(b).

¶14 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this day 29th of June, 2020.

 

/S/NOMA D. GURICH, CHIEF JUSTICE

CONCUR: Gurich, C.J., Darby, V.C.J., Kauger, Winchester, Edmondson, Colbert, Combs, Kane, and Rowe, JJ.

FOOTNOTES

1 Mayes states his intent that his resignation be effective from the date and time of its execution and that he will conduct his affairs accordingly. The OBA requests the Court make the resignation effective retroactive to the date of its execution by Respondent. We note Mayes executed the resignation on June 2, 2020, and submitted the resignation to the OBA on June 11, 2020. The OBA filed Mayes's resignation with this Court on June 16, 2020. The ten business days between June 2nd and June 16th is not sufficiently contemporaneous for treating the resignation as effective from the date of execution. However, the three business days between June 11th and June 16th is sufficiently contemporaneous. See State ex rel. Okla. Bar Ass'n v. Claborn, 2019 OK 14, ¶ 10, 440 P.3d 660, 663 (holding the Court may determine an effective date for the resignation to be the date it was submitted to the OBA when the resignation is contemporaneously filed with this Court and finding two days to be sufficiently contemporaneous).

Citationizer© Summary of Documents Citing This Document

Cite
Name
Level

None Found.

Citationizer: Table of Authority

Cite
Name
Level

None Found.

oscn

EMAIL: webmaster@oscn.net
Oklahoma Judicial Center
2100 N Lincoln Blvd.
Oklahoma City, OK 73105

courts

Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals
District Courts

decisions

New Decisions
Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals

programs

The Sovereignty Symposium

Alternative Dispute Resolution
Early Settlement Mediation
Children's Court Improvement Program (CIP)
Judicial Nominating Commission
Certified Courtroom Interpreters
Certified Shorthand Reporters
Accessibility ADA

Contact Us
Careers
Accessibility ADA